IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCILREE, | ) |
|                 Plaintiff, | ) ) ) |
| vs. | ) ) |
| MIRAMED REVENUE GROUP, LLC, | ) ) |
|                 Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Michael McIlree brings this action to secure redress from unlawful collection practices engaged in by defendant Miramed Revenue Group, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because defendant is located here.

### PARTIES

4. Plaintiff Michael McIlree is an individual who resides in Indiana.

5. Defendant Miramed Revenue Group, LLC is a limited liability company chartered under Illinois law with offices at 991 Oak Creek Drive, Lombard, IL 60148. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6. Miramed Revenue Group, LLC regularly uses the mails and telephone to collect consumer debts originally owed to others, primarily medical debts.

7. Miramed Revenue Group, LLC is a debt collector under the FDCPA.

8. Miramed Revenue Group, LLC is a collection agency under the ICAA.

**FACTS**

9. Defendant has been attempting to collect from plaintiff alleged medical debts incurred, if at all, for personal, family purposes.

10. On or about April 21, 2014, Miramed Revenue Group, LLC, sent plaintiff the letter attached as <u>Exhibit A</u> in a window envelope.

11. On or about May 2, 2014, Miramed Revenue Group, LLC, sent plaintiff the letter attached as <u>Exhibit B</u> in a window envelope.

12. The windows displayed the account number or reference number which Miramed Revenue Group, LLC, assigned to plaintiff. (<u>Exhibit C</u>)

13. <u>Exhibits A-C</u> are printed forms, prepared in a standard manner. <u>Exhibits A-B</u> have bar-coded addresses and return addresses, required by the Postal Services for a discounted postage rate when 500 or more similar pieces of mail are sent at once.

**COUNT I – FDCPA**

14. Plaintiff incorporates paragraphs 1-13.

15. The display of the account number on <u>Exhibit A</u> violated 15 U.S.C. §1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014).

16. Section 1692f provides:

> **§ 1692f.    Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(8)    Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

> (1)    Statutory damages;

  (2) Attorney's fees, litigation expenses and costs of suit; and

  (3) Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

17. Plaintiff incorporates paragraphs 1-13.

18. The display of the account number on <u>Exhibit B</u> violated 15 U.S.C. §1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014).

19. Section 1692f provides:

**§ 1692f. Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

  (1) Statutory damages;

  (2) Attorney's fees, litigation expenses and costs of suit; and

  (3) Such other and further relief as the Court deems proper.

                                                              <u>s/Daniel A.Edelman</u>
                                                              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\30974\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A.Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)